# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MAUREEN MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 19-10762-FDS |
| ) | |
| JOHNSON & JOHNSON and ) | |
| JOHNSON & JOHNSON CONSUMER, INC., ) | |
| ) | |
| Defendants. ) | |

## ORDER OF REMAND

**SAYLOR, J.**

Plaintiff Maureen Mitchell has filed a motion to remand this action to the Massachusetts Superior Court. For the following reasons, the motion is GRANTED.

On December 27, 2018, Mitchell filed this action against defendants Johnson & Johnson and Johnson & Johnson Consumer, Inc., contending that her use of Johnson & Johnson's talc products had caused her to develop asbestos-related diseases, including mesothelioma.

The complaint also names Imerys Talc America, Inc. as a defendant. Imerys supplies talc to Johnson & Johnson.

On February 13, 2019, Imerys and two affiliates filed a petition for Chapter 11 bankruptcy in the U.S. Bankruptcy Court for the District of Delaware. On April 18, 2019, Johnson & Johnson removed this action pursuant to 28 U.S.C. §§ 1334(b) and 1452(a), contending that the case was "related to" the bankruptcy proceeding based on the alleged existence of indemnity agreement(s) and shared insurance.

On April 18, 2019, Johnson & Johnson filed a motion in the District of Delaware seeking to transfer approximately 2400 cases, including this one, to that forum. The same day, Johnson & Johnson removed this case to this court. Plaintiff now seeks an order of remand on a variety of grounds, including lack of subject-matter jurisdiction.

Johnson & Johnson has presented a colorable claim that this case is "related to" the bankruptcy proceeding and therefore there appears to be subject-matter jurisdiction. However, under § 1452(a), the court to which the case is removed may remand the case "on any equitable ground." Under the circumstances here, and for the reasons set forth by Judge Sorokin in a related action, remand on equitable grounds appears to be appropriate. *See* Mem. & Order at 5, *Rivera*, 19-10747-LTS (D. Mass. May 31, 2019). Judges Stearns, Sorokin, and Burroughs of this district have recently remanded related cases pending in this district presenting essentially the same issue. *See Wilson v. Johnson & Johnson*, No. 19-cv-10764-RGS; *Rivera v. Johnson & Johnson*, No. 19-cv-10747-LTS; *O'Riorden v. Johnson & Johnson*, 19-10751-ADB.

Accordingly, the motion is granted and the matter is remanded to the Massachusetts Superior Court. The Court expresses no view as to whether a further removal petition may be appropriate if subsequent developments in the Delaware proceeding change the underlying factual or legal posture of the case. *See One Sylvan Road North Associates v. Lark Intern., Ltd.*, 889 F. Supp. 60, 62 (D. Conn. 1995) (noting that a second removal is appropriate if "subsequent pleadings or events reveal a new and different ground for removal.").
**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated: June 12, 2019                United States District Judge